

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00174-CR

QUEVETTA BEAMON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 39,318-C, Honorable Mark T. Price, Presiding

July 30, 2014

## ABATEMENT AND REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Quevetta Beamon, filed her notice of appeal from a judgment in which she was convicted of forgery and sentenced to two years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The official court reporter filed the reporter's record with the Clerk of the Second Court of Appeals on April 17, 2014. Days later, this case was transferred from the Fort Worth court to this Court by order of the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). The Clerk of this Court received and

filed the trial court clerk's record on June 2, 2014. Consequently, appellant's brief was due to be filed on or before July 2, 2014. *See* TEX. R. APP. P. 38.6.

When, on July 9, no brief had been filed on appellant's behalf, this Court sent appellant notice that her brief was past due. In that letter, this Court informed appellant that, if she failed to file her brief by July 21, 2014, her appeal would be abated and the cause remanded to the trial court without further notice. Appellate counsel to whom the letter was sent, and who was identified in our records as counsel of record, responded that he had been retained by appellant solely for the limited purpose of representing her in an appeal bond proceeding. Further, the clerk's record reveals that appellant's former appointed counsel who first appeared on behalf of appellant had been permitted by the trial court to withdraw by order dated April 15, 2014, making it unclear whether appellant is currently represented and calling into question whether appellant's right to representation on appeal is being adequately protected. In light of this confusion and in an effort to resolve the issues concerning whether appellant has representation on appeal, who, if anyone, is providing her such representation, and other factual determinations surrounding the status of this appeal and appellant's representation, we must remand this cause to the trial court.

Accordingly, we now abate this appeal and remand the cause to the trial court. *See* TEX. R. APP. P. 38.8(b)(2). Upon remand, we direct the trial court to immediately cause notice to be given of and to conduct a hearing to determine the following: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) whether present counsel for appellant has abandoned the appeal; (4) if appellant desires to prosecute this appeal and is indigent,

2

whether appellant's present counsel should be replaced; and (5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the trial court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

We further direct the trial court to perform the following duties: (1) conduct any necessary hearings; (2) make and file findings of fact, conclusions of law, and recommendations addressing the determinations identified above and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. *See* TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than **Friday, August 29, 2014**

Per Curiam

Do not publish.

3